## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Design Ideas, Ltd., | |
| Plaintiff, | |
| v. | |
| YBM Home, Inc., | **JURY TRIAL DEMANDED** |
| Amazon.com, Inc. | |
| and | |
| Walmart, Inc. | |
| Defendants. | |

## **COMPLAINT**

**Now Comes**, the Plaintiff, Design Ideas, Ltd., by and through its attorney, Gordon W. Gates of Gates, Wise Schlosser & Goebel, and Perry J. Saidman of Perry Saidman, LLC, and for its Complaint against YBM Home, Inc., Amazon.com, Inc. and Walmart, Inc., states as follows:

## COUNT I
## (YBM)

1.     This Complaint arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 et seq., 28 U.S.C. §§ 1331 and 1338(a).

2.     The claims arise out of Defendant's actions regarding the sale and offer for sale of expanded wire mesh baskets that embody a patent owned by Design Ideas, Ltd.

3.     Plaintiff Design Ideas, Ltd. ("Design Ideas") is an Illinois corporation with a principal place of business at 2521 Stockyard Road, Springfield, Illinois. Design Ideas is in the business of creating, making, and selling a range of unique housewares baskets incorporating novel designs and structures protected by United States patents.

4.     Defendant YBM Home, Inc. ("YBM") is a corporation with a principal place of business at 245 10th Ave., Paterson, NJ 07524.

5.     YBM has an online store at ybmhome.com that sells or offers to sell in this State and District the baskets that are alleged to infringe Design Ideas' patent. YBM also sells such baskets to Amazon and Walmart.

6.     The Court has personal jurisdiction over Defendant because Defendants has continuous and systematic contacts with this State and does business in this District.

7.     Defendant conducts business in this District by importing, marketing, offering for sale, and selling its infringing baskets in this District.

8.     Defendant YBM sells the infringing baskets online, at the following web URLs.

https://www.ybmhome.com/black-mesh-open-bin-storage-basket-for-cleaning-supplies-laundry-14x10x9-2040.html

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-organizer-13-25-x-8-5-x-6-5-2321.html

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-organizer-for-fruits-vegetables-pantry-items-toys-etc-size-14-5-x9x7-model-198.html

https://www.ybmhome.com/mesh-open-bin-storage-basket-organizer-for-toiletries-detergents-laundry-15-x-12-x-11-5-black-2268.html

https://www.ybmhome.com/mesh-open-bin-storage-basket-organizer-for-toiletries-detergents-laundry-15-x-12-x-11-5-1182.html

https://www.ybmhome.com/mesh-open-bin-storage-basket-organizer-for-fruits-vegetables-pantry-items-toys-etc-10-x-8-8-x-5-8-2041.html

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-dvd-cd-book-holder-11-x-5-5-x-5-1118.html

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-for-cleaning-supplies-laundry-14x10x9-1115.html

https://www.ybmhome.com/mesh-storage-basket-9-8-x-6-5-x-4-5-1100.html

https://www.ybmhome.com/3-piece-mesh-open-bin-storage-basket-ganizers-set-2321-1116-198set.html

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-dvd-cd-book-holder-12-x-7-75-x-5-8-1116.html

9.     Customers within this district can order the infringing baskets from these links and can have them shipped directly by YBM and/or Amazon and/or Walmart.

10.     Venue is proper under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because Defendant is subject to personal jurisdiction in this District and has committed acts of patent infringement in this district.

11.     Design Ideas is an innovator in the home goods industry. A history of Design Ideas is available on the web at the URL https://shop.designideas.net/our-story. Among Design Ideas' innovations is the use of expanded wire mesh for baskets. One of the more popular lines of those mesh baskets incorporate a unique, distinctive semi-circular handle designed by Design Ideas. Design Ideas' mesh baskets having this distinctive semi-circular handle include the following, as shown on the indicated web pages:

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-7x11

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-5x12-5

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-8x7

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-4-5x8

12.     Design Ideas protects its innovations with multiple U.S. design and utility

        patents. A partial list of Design Ideas patents that cover Design Ideas

        branded baskets can be found at www.designideas.net/patents.

13.     Design Ideas' baskets are marked with the following US patent "virtual

        marking" notice, providing constructive notice of Design Ideas' patent

        rights:





14.    A reasonable opportunity for discovery is likely to show that Defendant had actual knowledge of the Design Ideas patent portfolio directed to expanded wire mesh baskets and their handles.

15.    Design Ideas is the owner with the exclusive right to sue infringers and recover damages of U.S. Patent No. D895,969 ("'969 Patent"). A copy of the '969 patent is attached as Exhibit A.

16.    The '969 Patent duly issued on September 15, 2020 to Design Ideas.

17.    The Defendant's expanded wire mesh baskets having semi-circular handle openings infringe the '969 patent, because the accused designs are substantially the same as the ornamental design shown in the sole drawing figure of the '969 patent. The sole drawing figure of the '969 patent is compared to a representative accused basket, below:

# Design Ideas '969 Patent Claim



## Representative YBM Accused Basket – front view



## YBM Accused Basket – perspective view

https://www.ybmhome.com/silver-mesh-open-bin-storage-basket-dvd-cd-book-holder-12-x-7-75-x-5-8-116.html



18.   The '969 patent claims a front portion of a mesh basket having a semi-circular handle opening.  In the '969 patent, it is specified that: "The dashed broken lines illustrate structure or features which form no part of the claimed design."  Therefore the upper horizontal rim, being shown in dashed broken lines, forms no part of the claimed design.   The upper horizontal rim is shown highlighted in the illustration below:



19.   The '969 patent further specifies that: "The dot-dash broken lines illustrate an unclaimed boundary."  Dot-dash broken lines are used for the left, right, and bottom boundaries of the mesh portion, as well as for the semi-circular opening.  These boundary portions are shown highlighted in the illustration below:



The boundary lines mean that everything inside the boundary lines is part of the '969 patent claim, i.e., the mesh portion and the semi-circular handle opening.

The fact that the semi-circular opening is claimed does not mean that a rim above it is claimed. Thus, an infringing basket can have any rim. In other words, the fact that the accused baskets may have different rims is of no moment, since a rim is not claimed, only the semi-circular opening underneath it.

The mesh portion also has unclaimed left, right and bottom boundaries. This means that an infringing basket may have mesh portions that extend beyond the unclaimed boundaries and still infringe.

20.   The Defendant infringes Design Ideas' '969 patent by offering to sell and selling baskets whose front portion comprises expanded metal mesh and a semi-circular opening. The front portion of such baskets are substantially the same in appearance as that claimed in the '969 patent, such that an ordinary

observer, giving such attention as a purchaser usually gives, would be induced to purchase one supposing it to be the other.

21.   The Defendant infringes Design Ideas' '969 patent by offering to sell and selling the accused baskets on its website, including by direct shipment to the residents of this district and elsewhere in the jurisdiction of the United States.

22.   A reasonable opportunity for discovery is likely to show that the Defendant also sells and offers to sell the accused baskets outside the United States, for export from one or more locations in the United States.

23.   A reasonable opportunity for discovery is likely to show that the Defendant had actual notice of the '969 patent.

24.   Design Ideas has been damaged by the Defendant's infringement and is entitled to at least the statutory remedy of an accounting and disgorgement of the Defendant's profits from the sale of the accused baskets.

25.   The damage to Design Ideas is ongoing and irreparable, and Design Ideas is entitled to preliminary and permanent injunctive relief to end the Defendant's infringement.

## JURY TRIAL DEMAND

26.   Design Ideas requests a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, YBM Home, Inc. and that the Court grant Plaintiff the following relief:

A.  A judgment that the Defendant has infringed the asserted patent;

B.  An order and judgment permanently enjoining the Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted patent;

C.  An order requiring Defendant to certify, every three months, that it is in compliance with the injunction and detailing the steps it has taken to ensure that the infringing baskets are not sold in its stores or on its digital platforms;

D.  A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the asserted patents, including the disgorgement of total profits under 35 U.S.C. §289.

E.  A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, with prejudgment interest.

F.  An accounting of the Defendant's profits.

G.    A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and

H.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

**COUNT II**

**(Amazon)**

1.    This Complaint arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 et seq., 28 U.S.C. §§ 1331 and 1338(a).

2.    The claims arise out of Defendant's actions regarding the sale and offer for sale of expanded wire mesh baskets that embody a patent owned by Design Ideas, Ltd.

3.    Plaintiff Design Ideas, Ltd. ("Design Ideas") is an Illinois corporation with a principal place of business at 2521 Stockyard Road, Springfield, Illinois. Design Ideas is in the business of creating, making, and selling a range of unique housewares baskets incorporating novel designs and structures protected by United States patents.

4.    Defendant Amazon.com, Inc. ("Amazon") is a Washington and Delaware corporation with a principal place of business at 410 Terry Ave. N. Seattle,

WA 98109.  Amazon also has a distribution center at 1961 Edgewater Dr.,

North Pekin, IL.

5.    Amazon has an online store at amazon.com that sells and offers to sell in this

State and District the baskets that are alleged to infringe Design Ideas'

patent.

6.    The Court has personal jurisdiction over Defendant because Defendant has

continuous and systematic contacts with this State and does business in this

District.

7.    Defendant conducts business in this District by importing, marketing,

offering for sale, and selling its infringing baskets online, at the following

web URLs.

8.    Defendant Amazon sells the infringing baskets online, at the following web

URLs.

https://smile.amazon.com/YBM-Organizer-Cabinets-Countertop-Organizing/dp/B077S5749K/ref=sr_1_242_sspa?crid=1M2XLU7ILK6RX&keywords=mesh%2Bbasket&qid=1676487734&sprefix=mesh%2Bbasket%2Caps%2C117&sr=8-242-spons&ufe=app_do%3Aamzn1.fos.f5122f16-c3e8-4386-bf32-63e904010ad0&smid=A2HKVBO0FMSPWL&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUEyTTdVUE8xMkxQTjZPJmVuY3J5cHRlZElkPUEwNDU2MTQ2MThHQUcyVUlVWFRZWCZlbmNyeXB0ZWRBZElkPUEwMzk2NjM3Mk1WRTZVRUNYRE9USiZ3aWRnZXROYW1lPXNwX210ZiZhY3Rpb249Y2xpY2tSZWRpcmVjdCZkb05vdExvZ0NsaWNrPXRydWU&th=1
https://smile.amazon.com/YBM-HOME-Household-Organizer-Vegetables/dp/B0771TXL2H/ref=sr_1_1_sspa?crid=1M2XLU7ILK6RX&keywords=mesh%2Bbasket&qid=1676482683&sprefix=mesh%2Bbasket%2Caps%2C117&sr=8-1-spons&smid=A2HKVBO0FMSPWL&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyP

UExVUpVQ0VKMEg3TDNHJmVuY3J5cHRlZElkPUEwMjIzODYwM0sxVEE1
RTdNT1g4TiZlbmNyeXB0ZWRBZElkPUEwMzQ3MzIyMUtTUUhXRlZCTzIzU
iZ3aWRnZXROYW1lPXNwX2F0ZiZhY3Rpb249Y2xpY2tSZWRpcmVjdCZkb0
5vdExvZ0NsaWNrPXRydWU=&th=1

https://smile.amazon.com/YBM-HOME-Household-Vegetables-
1041s/dp/B077S57N2X/ref=sr_1_4?crid=1M2XLU7ILK6RX&keywords=mesh%
2Bbasket&qid=1676482968&sprefix=mesh%2Bbasket%2Caps%2C117&sr=8-
4&th=1

https://smile.amazon.com/YBM-Organizer-Countertop-Organizing-10x6-5x4-
5/dp/B0771WG32R/ref=sr_1_6?crid=1M2XLU7ILK6RX&keywords=mesh%2Bb
asket&qid=1676482968&sprefix=mesh%2Bbasket%2Caps%2C117&sr=8-6&th=1

https://smile.amazon.com/YBM-HOME-Household-Organizer-
Vegetables/dp/B0771TXL2H/ref=sxin_15_pa_sp_search_thematic_sspa?content-
id=amzn1.sym.f40650be-b474-457e-a106-
f85a37f487a4%3Aamzn1.sym.f40650be-b474-457e-a106-
f85a37f487a4&crid=1M2XLU7ILK6RX&cv_ct_cx=mesh%2Bbasket&keywords=
mesh%2Bbasket&pd_rd_i=B0771TXL2H&pd_rd_r=48b898ae-93cd-44f5-bae2-
1925d677e5bd&pd_rd_w=fey4D&pd_rd_wg=fjfVY&pf_rd_p=f40650be-b474-
457e-a106-
f85a37f487a4&pf_rd_r=8WHXYTTYF86QTE9SSADD&qid=1676482968&sprefi
x=mesh%2Bbasket%2Caps%2C117&sr=1-1-a73d1c8c-2fd2-4f19-aa41-
2df022bcb241-
spons&smid=A2HKVBO0FMSPWL&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyP
UExVUQ2TU5BQktJWkNEJmVuY3J5cHRlZElkPUEwMjI3MjU4RzdZOFBSWj
A5UDczJmVuY3J5cHRlZEFkSWQ9QTAzNDczMjIxS1NRSFdGVkJPMjNSJndp
ZGdldE5hbWU9c3Bfc2VhcmNoX3RoZW1hdGljJmFjdGlvbj1jbGlja1JlZGlyZW
N0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ&th=1

9.   Customers within this district can order the infringing baskets from these

     links and can have them shipped directly by Amazon.

10.  Venue is proper under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b)

     because Defendant is subject to personal jurisdiction in this District and has

     committed acts of patent infringement in this district.

11.    Design Ideas is an innovator in the home goods industry. A history of Design Ideas is available on the web at the URL https://shop.designideas.net/our-story. Among Design Ideas' innovations is the use of expanded wire mesh for baskets. One of the more popular lines of those mesh baskets incorporate a unique, distinctive semi-circular handle designed by Design Ideas. Design Ideas' mesh baskets having this distinctive semi-circular handle include the following, as shown on the indicated web pages:

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-7x11

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-5x12-5

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-8x7

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-4-5x8

12.    Design Ideas protects its innovations with multiple U.S. design and utility patents. A partial list of Design Ideas patents that cover Design Ideas branded baskets can be found at www.designideas.net/patents.

13.    Design Ideas' baskets are marked with the following US patent "virtual marking" notice, providing constructive notice of Design Ideas' patent rights:





14. A reasonable opportunity for discovery is likely to show that Defendant had actual knowledge of the Design Ideas patent portfolio directed to expanded wire mesh baskets and their handles.

15. Design Ideas is the owner with the exclusive right to sue infringers and recover damages of U.S. Patent No. D895,969 ("'969 Patent"). A copy of the '969 patent is attached as Exhibit A.

16. The '969 Patent duly issued on September 15, 2020 to Design Ideas.

17. The Defendant's expanded wire mesh baskets having semi-circular handle openings infringe the '969 patent, because the accused designs are substantially the same as the ornamental design shown in the sole drawing figure of the '969 patent. The sole drawing figure of the '969 patent is compared to a representative accused basket, below:

## Design Ideas '969 Patent Claim



## Representative Amazon Accused Basket – front view



## Amazon Accused Basket – perspective view

https://www.amazon.com/YBM-HOME-Household-Organizer-Vegetables/dp/B0771YK3SZ/ref=sr_1_1_sspa?crid=1M2XLU7ILK6RX&keywords=mesh%2Bbasket&qid=1676482683&sprefix=mesh%2Bbasket%2Caps%2C117&sr=8-1-spons&smid=A2HKVBO0FMSPWL&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUExVUpVQ0VKMEg3TDNHJmVuY3J5cHRlZElkPUEwMjIzODYwM0sxVEE1RTdNT1g4TiZlbmNyeXB0ZWRBZElkPUEwMzQ3MzIyMUtTUUhXRlZCCTzIzUiZ3aWRnZXROYW1lPXNwX2F0ZiZhY3Rpb249Y2xpY2tSZWRpcmVjdCZkZkb05vdExvZ0NsaWNrPXRydWU&th=1&redirectFromSmile=1



18.   The '969 patent claims a front portion of a mesh basket having a semi-circular handle opening.  In the '969 patent, it is specified that: "The dashed

broken lines illustrate structure or features which form no part of the claimed design." Therefore, the upper horizontal rim, being shown in dashed broken lines, forms no part of the claimed design. The upper horizontal rim is shown highlighted in the illustration below:



19. The '969 patent further specifies that: "The dot-dash broken lines illustrate an unclaimed boundary." Dot-dash broken lines are used for the left, right, and bottom boundaries of the mesh portion, as well as for the semi-circular opening. These boundary portions are shown highlighted in the illustration below:



The boundary lines mean that everything inside the boundary lines is part of the '969 patent claim, i.e., the mesh portion and the semi-circular handle opening.

The fact that the semi-circular opening is claimed does not mean that a rim above it is claimed. Thus, an infringing basket can have any rim. In other words, the fact that the accused baskets may have different rims is of no moment, since a rim is not claimed, only the semi-circular opening underneath it.

The mesh portion also has unclaimed left, right and bottom boundaries. This means that an infringing basket may have mesh portions that extend beyond the unclaimed boundaries and still infringe.

20.   The Defendant infringes Design Ideas' '969 patent by offering to sell and selling baskets whose front portion comprises expanded metal mesh and a semi-circular opening. The front portion of such baskets are substantially the same in appearance as that claimed in the '969 patent, such that an ordinary observer, giving such attention as a purchaser usually gives, would be induced to purchase one supposing it to be the other.

21.   The Defendant infringes Design Ideas' '969 patent by offering to sell and selling the accused baskets on its websites, including by direct shipment to the residents of this district and elsewhere in the jurisdiction of the United

States. Defendant Amazon distributes its accused baskets from a distribution facility in this district.

22. A reasonable opportunity for discovery is likely to show that the Defendant also sells and offers to sell the accused baskets outside the United States, for export from one or more locations in the United States.

23. A reasonable opportunity for discovery is likely to show that the Defendant had actual notice of the '969 patent.

24. Design Ideas has been damaged by the Defendant's infringement, and is entitled to at least the statutory remedy of an accounting and disgorgement of the Defendant's profits from the sale of the accused baskets.

25. The damage to Design Ideas is ongoing and irreparable, and Design Ideas is entitled to preliminary and permanent injunctive relief to end the Defendant's infringement.

### JURY TRIAL DEMAND

26. Design Ideas requests a jury trial on all issues triable to a jury.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, Amazon.com, Inc. and that the Court grant Plaintiff the following relief:

A. A judgment that the Defendant has infringed the asserted patent;

B.     An order and judgment permanently enjoining the Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted patent;

C.     An order requiring Defendant to certify, every three months, that it is in compliance with the injunction and detailing the steps it has taken to ensure that the infringing baskets are not sold in its stores or on its digital platforms;

D.     A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the asserted patents, including the disgorgement of total profits under 35 U.S.C. §289.

E.     A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, with prejudgment interest.

F.     An accounting of the Defendant's profits.

G.     A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and

H.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III

### (Walmart)

1.  This Complaint arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 et seq., 28 U.S.C. §§ 1331 and 1338(a).

2.  The claims arise out of Defendant's actions regarding the sale and offer for sale of expanded wire mesh baskets that embody a patent owned by Design Ideas, Ltd.

3.  Plaintiff Design Ideas, Ltd. ("Design Ideas") is an Illinois corporation with a principal place of business at 2521 Stockyard Road, Springfield, Illinois. Design Ideas is in the business of creating, making, and selling a range of unique housewares baskets incorporating novel designs and structures protected by United States patents.

4.  Defendant Walmart, Inc. ("Walmart") is a Delaware corporation with a principal place of business at 702 SW 8th St., Bentonville, AR 72712. Walmart has a retail store at 1100 Lejune Dr., Springfield, IL.

5.  Walmart has an online store at Walmart.com, and a retail store in Springfield, IL, that sells and offers to sell in this State and District the baskets that are alleged to infringe Design Ideas' patent.

6.    The Court has personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with this State and does business in this District.

7.    Defendant conducts business in this District by importing, marketing, offering for sale, and selling its infringing baskets online, at the following web URLs.

8.    Defendant Walmart sells the infringing baskets online, at the following web URLs.

https://www.walmart.com/ip/Ybm-Home-Wire-Mesh-Open-Bin-Shelf-Storage-Basket-Kitchen-Pantry-Organizer-Silver-Upper-10-in-L-x-9-in-W-x-6-in-H-6-Pack/692335034

https://www.walmart.com/ip/YBM-Home-Wire-Mesh-Steel-Storage-Basket-Organizer-Silver-11-x-5-1-x-5-2-Pack/785830784

https://www.walmart.com/ip/Ybm-Home-Wire-Mesh-Open-Bin-Shelf-Storage-Basket-Kitchen-Pantry-Organizer-Black-Upper-15-in-L-x-12-in-W-x-10-8-in-H/322492221

https://www.walmart.com/ip/Ybm-Home-Wire-Mesh-Open-Bin-Shelf-Storage-Basket-Kitchen-Pantry-Organizer-Silver-Upper-13-3-in-L-x-8-5-in-W-x-6-5-in-H-2-Pack/900729304

https://www.walmart.com/ip/YBM-Home-Wire-Mesh-Open-Bin-Storage-Basket-for-Shelf-and-Kitchen-Pantry-6-Pack-Silver/737930397

https://www.walmart.com/ip/Ybm-Home-Wire-Mesh-Open-Bin-Shelf-Storage-Basket-Kitchen-Pantry-Organizer-Silver-Upper-11-in-L-x-5-1-in-W-x-5-in-H-6-Pack/376793696

https://www.walmart.com/ip/Ybm-Home-Wire-Mesh-Open-Bin-Shelf-Storage-Basket-Kitchen-Pantry-Organizer-Black-Upper-15-in-L-x-12-in-W-x-10-8-in-H-2-Pack/572685918

https://www.walmart.com/ip/Ybm-Home-Silver-Mesh-13-25-x-8-5-x-6-5-Open-Bin-Storage-Basket-Organizer/49772197

https://www.walmart.com/ip/YBM-Home-Mesh-Open-Bin-Storage-Basket/52665303

9.     Customers within this district can order the infringing baskets from these links and can have them shipped directly by Walmart.

10.     Venue is proper under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because Defendant is subject to personal jurisdiction in this District and has committed acts of patent infringement in this district.

11.     Design Ideas is an innovator in the home goods industry. A history of Design Ideas is available on the web at the URL https://shop.designideas.net/our-story. Among Design Ideas' innovations is the use of expanded wire mesh for baskets. One of the more popular lines of those mesh baskets incorporate a unique, distinctive semi-circular handle designed by Design Ideas. Design Ideas' mesh baskets having this distinctive semi-circular handle include the following, as shown on the indicated web pages:

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-7x11

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-5-5x12-5

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-8x7

https://designideas.net/collections/baskets-bins/baskets/meshworks-stacking-bin-4-5x8

12.    Design Ideas protects its innovations with multiple U.S. design and utility patents. A partial list of Design Ideas patents that cover Design Ideas branded baskets can be found at www.designideas.net/patents.

13.    Design Ideas' baskets are marked with the following US patent "virtual marking" notice, providing constructive notice of Design Ideas' patent rights:





14.    A reasonable opportunity for discovery is likely to show that Defendant had

actual knowledge of the Design Ideas patent portfolio directed to expanded

wire mesh baskets and their handles.

15.   Design Ideas is the owner with the exclusive right to sue infringers and recover damages of U.S. Patent No. D895,969 ("'969 Patent"). A copy of the '969 patent is attached as Exhibit A.

16.   The '969 Patent duly issued on September 15, 2020 to Design Ideas.

17.   The Defendant's expanded wire mesh baskets having semi-circular handle openings infringe the '969 patent, because the accused designs are substantially the same as the ornamental design shown in the sole drawing figure of the '969 patent. The sole drawing figure of the '969 patent is compared to a representative accused basket, below:

### Design Ideas '969 Patent Claim



## Representative Walmart Accused Basket – front view



## Walmart Accused Basket – perspective view

https://www.walmart.com/ip/YBM-Home-Wire-Mesh-Steel-Storage-Basket-Organizer-Silver-11-x-5-1-x-5-2-Pack/785830784



18.    The '969 patent claims a front portion of a mesh basket having a semi-circular handle opening.  In the '969 patent, it is specified that: "The dashed broken lines illustrate structure or features which form no part of the claimed design."  Therefore, the upper horizontal rim, being shown in dashed broken lines, forms no part of the claimed design.  The upper horizontal rim is shown highlighted in the illustration below:



19.   The '969 patent further specifies that: "The dot-dash broken lines illustrate an unclaimed boundary."  Dot-dash broken lines are used for the left, right, and bottom boundaries of the mesh portion, as well as for the semi-circular opening.  These boundary portions are shown highlighted in the illustration below:



The boundary lines mean that everything inside the boundary lines is part of the '969 patent claim, i.e., the mesh portion and the semi-circular handle opening.

The fact that the semi-circular opening is claimed does not mean that a rim above it is claimed. Thus, an infringing basket can have any rim. In other words, the fact that the accused baskets may have different rims is of no moment, since a rim is not claimed, only the semi-circular opening underneath it.

The mesh portion also has unclaimed left, right and bottom boundaries. This means that an infringing basket may have mesh portions that extend beyond the unclaimed boundaries and still infringe.

20. The Defendant infringes Design Ideas' '969 patent by offering to sell and selling baskets whose front portion comprises expanded metal mesh and a semi-circular opening. The front portion of such baskets are substantially the same in appearance as that claimed in the '969 patent, such that an ordinary observer, giving such attention as a purchaser usually gives, would be induced to purchase one supposing it to be the other.

21. The Defendant infringes Design Ideas' '969 patent by offering to sell and selling the accused baskets on its website, including by direct shipment to the residents of this district and elsewhere in the jurisdiction of the United States.

22.    A reasonable opportunity for discovery is likely to show that the Defendant also sells and offers to sell the accused baskets outside the United States, for export from one or more locations in the United States.

23.    A reasonable opportunity for discovery is likely to show that the Defendant had actual notice of the '969 patent.

24.    Design Ideas has been damaged by the Defendant's infringement and is entitled to at least the statutory remedy of an accounting and disgorgement of the Defendant's profits from the sale of the accused baskets.

25.    The damage to Design Ideas is ongoing and irreparable, and Design Ideas is entitled to preliminary and permanent injunctive relief to end the Defendant's infringement.

## JURY TRIAL DEMAND

26.    Design Ideas requests a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, Walmart, Inc. and that the Court grant Plaintiff the following relief:

A.    A judgment that the Defendant has infringed the asserted patent;

B.    An order and judgment permanently enjoining the Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting concert with them, and their parents, subsidiaries, divisions,

successors and assigns, from further acts of infringement of the asserted patent;

C.   An order requiring Defendant to certify, every three months, that it is in compliance with the injunction and detailing the steps it has taken to ensure that the infringing baskets are not sold in its stores or on its digital platforms;

D.   A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the asserted patents, including the disgorgement of total profits under 35 U.S.C. §289.

E.   A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, with prejudgment interest.

F.   An accounting of the Defendant's profits.

G.   A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and

H.   Awarding Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Design Ideas, LTD., Plaintiff

By:        /s/ Gordon W. Gates

Gordon W. Gates (#6192861)
***GATES WISE SCHLOSSER & GOEBEL***
Attorneys at Law
1231 South Eighth Street
Springfield, IL 62703
***Telephone: (217) 522.9010***
***Facsimile: (217) 522.9020***
***Email: gordon@gwspc.com***

Perry Saidman
***PERRY SAIDMAN, LLC***
3 Island Avenue, #8i
Miami Beach, FL 33139
***Telephone: 202-236-0753***
***Email: ps@perrysaidman.com***



US00D895969S

(12) **United States Design Patent**     (10) Patent No.:     **US D895,969 S**
Hardy et al.                              (45) Date of Patent:   ** **Sep. 15, 2020**

(54) **MESH BASKET**

(71) Applicant: **Design Ideas, Ltd.**, Springfield, IL (US)

(72) Inventors: **Christopher Hardy**, Springfield, IL (US); **Richard Kromer**, Morton Grove, IL (US)

(73) Assignee: **Design Ideas, Ltd.**, Springfield, IL (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/647,367**

(22) Filed: **May 11, 2018**

**Related U.S. Application Data**

(60) Continuation of application No. 29/527,940, filed on May 22, 2015, now abandoned, which is a continuation of application No. 29/207,480, filed on Jun. 16, 2004, now abandoned, which is a division of application No. 29/206,724, filed on Jun. 1, 2004, now Pat. No. Des. 530,517, which is a continuation of application No. 29/148,324, filed on Sep. 19, 2001, now abandoned, which is a continuation-in-part of application No. 29/115,615, filed on Dec. 16, 1999, now Pat. No. Des. 451,675, which is a division of application No. 29/092,939, filed on Aug. 31, 1998, now Pat. No. Des. 419,302.

(51) **LOC (12) Cl.** ............................................... **03-01**
(52) **U.S. Cl.**
USPC ........................................................ **D3/306**
(58) **Field of Classification Search**
USPC ......... D3/201, 304, 305, 306, 312, 314–315, D3/318–319; D19/75–77, 90
CPC .... A45F 5/00; B65D 1/00; B65D 1/22; B65D 1/38; B65D 1/34
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D33,268 S | 9/1900 | Rix |
| D33,269 S | 9/1900 | Rix |
| 887,097 A | 5/1908 | Kimber |
| 920,313 A | 5/1909 | Franklin |
| 981,205 A | 1/1911 | Loetzer |
| 1,098,053 A | 5/1914 | Porter |
| 1,382,592 A | 6/1921 | Ames |
| 1,384,755 A | 7/1921 | Hall |
| 1,463,098 A | 7/1923 | Snyder |
| RE16,431 E | 9/1926 | Kratzer |
| 1,660,410 A | 2/1928 | Beckman |
| 1,840,561 A | 1/1932 | Bre Miller |
| 1,890,983 A | 12/1932 | Griffith |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| FR | 826876 | 4/1938 |
| GB | 730785 | 6/1955 |

OTHER PUBLICATIONS

Design Ideas Catalogue, cover page, p. 55, and p. 58, available as early as Spring 1997.

(Continued)

*Primary Examiner* — Kelley A Donnelly
(74) *Attorney, Agent, or Firm* — Perry Saidman, LLC

(57) **CLAIM**

the ornamental design for a mesh basket, as shown and described.

**DESCRIPTION**

The sole drawing figure is a front view of a mesh basket showing our new design.

The dashed broken lines illustrate structure or features which form no part of the claimed design. The dot-dash broken lines illustrate an unclaimed boundary.

**1 Claim, 1 Drawing Sheet**



EXHIBIT A

**US D895,969 S**

Page 2

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,408,082 | A | * 9/1946 | Mack .................... E04B 5/10 |
| | | | 52/669 |
| 2,443,319 | A | * 6/1948 | Mack .................... B60B 39/12 |
| | | | 238/14 |
| D152,140 | S | 12/1948 | Crawford et al. |
| D152,141 | S | * 12/1948 | Crawford et al. ............ D3/306 |
| 2,462,693 | A | 2/1949 | Wabshaw |
| 2,502,781 | A | 4/1950 | Erickson |
| 2,658,444 | A | 11/1953 | Wheeler |
| 2,706,064 | A | 9/1954 | Vitols |
| 2,721,671 | A | 10/1955 | Averill |
| 2,768,022 | A | 10/1956 | Pope |
| 2,851,186 | A | 9/1958 | Rupe, Jr. |
| 2,993,615 | A | 7/1961 | Bruce |
| D194,513 | S | 2/1963 | Sparling |
| 3,250,430 | A | 5/1966 | Cella |
| 3,272,377 | A | 9/1966 | Schray |
| D212,074 | S | 8/1968 | Woodruff et al. |
| D222,238 | S | 10/1971 | Rehrig |
| 3,935,958 | A | 2/1976 | Frangos |
| 4,339,048 | A | 7/1982 | McMillen et al. |
| D298,403 | S | 11/1988 | Hagberg et al. |
| D326,113 | S | 5/1992 | Galante |
| D328,993 | S | 9/1992 | Rosenthal |
| 5,305,686 | A | 4/1994 | Svensson |
| D383,283 | S | 9/1997 | Hankins, III |
| D393,766 | S | 4/1998 | Mazzola et al. |
| D419,302 | S | * 1/2000 | Hardy ...................... D19/75 |
| D431,907 | S | 10/2000 | Andujar et al. |
| D433,709 | S | * 11/2000 | Hardy ...................... D19/75 |
| D449,074 | S | * 10/2001 | Andujar ...................... D19/75 |
| D451,675 | S | * 12/2001 | Hardy ...................... D3/306 |
| D476,155 | S | * 6/2003 | Post ...................... D6/705.6 |
| 6,718,635 | B2 | 4/2004 | Cheng et al. |
| D498,375 | S | * 11/2004 | Post ...................... D3/306 |
| D516,814 | S | * 3/2006 | Post ...................... D3/306 |
| D520,750 | S | * 5/2006 | Post ...................... D3/306 |
| D526,754 | S | * 8/2006 | Hardy ...................... D3/306 |
| D528,300 | S | * 9/2006 | Hardy ...................... D3/306 |
| D530,517 | S | * 10/2006 | Hardy ...................... D3/306 |
| 7,428,976 | B2 | * 9/2008 | Cheng ................ A47B 55/02 |
| | | | 220/485 |
| D582,161 | S | * 12/2008 | Hardy ...................... D3/306 |
| D584,055 | S | * 1/2009 | Hardy ...................... D3/306 |
| D624,753 | S | * 10/2010 | Post ...................... D3/306 |
| D632,080 | S | * 2/2011 | Hardy ...................... D3/306 |
| D636,998 | S | * 5/2011 | Post ...................... D3/306 |
| D639,561 | S | * 6/2011 | Hardy ...................... D3/306 |
| D653,063 | S | * 1/2012 | Post ...................... D6/705.6 |
| 8,141,737 | B1 | * 3/2012 | Tsai .................... B65D 7/14 |
| | | | 220/485 |
| D673,369 | S | * 1/2013 | Post ...................... D3/306 |
| D677,056 | S | * 3/2013 | Hu ...................... D3/306 |
| D759,976 | S | * 6/2016 | Hardy ...................... D3/306 |
| D792,099 | S | * 7/2017 | Hsu ...................... D3/306 |
| D804,821 | S | * 12/2017 | Hardy ...................... D3/306 |
| D807,036 | S | * 1/2018 | Hardy ...................... D3/306 |
| 9,963,264 | B2 | * 5/2018 | Tang .................... B65D 7/14 |
| D847,510 | S | * 5/2019 | Post ...................... D3/306 |
| D856,678 | S | * 8/2019 | Hardy ...................... D3/306 |
| D873,567 | S | * 1/2020 | Hardy ...................... D3/306 |
| D880,861 | S | * 4/2020 | Hardy ...................... D3/306 |
| 2016/0052665 | A1 | * 2/2016 | Tsai .................... B65D 7/12 |
| | | | 220/494 |

OTHER PUBLICATIONS

Design Ideas Catalogue, cover page, p. 61, and p. 69, published Dec. 1997.

Design Ideas Mesh File Box; earliest customer review May 23, 2010; https://www.amazon.com/Design-Ideas-Mesh-File-Silver/dp/B0000TQFHI/ref=pd_sim_201_1?_encoding=UTF8&psc=1&refRID=9PW4GRXDCTFK8XKYBH8.

Design Ideas Mesh File Box, customer reviews p. 3, earliest customer review May 23, 2010; https://www.amazon.com/Design-Ideas-Mesh-File-Silver/product-reviews/B0000TQFHI/ref=Cm_cr_arp_d_paging_btm_3?ie=UTF8&reviewerType=avp_only_reviews&sortBy=recent&pageNumber=3.

* cited by examiner

EXHIBIT A

**U.S. Patent**                    Sep. 15, 2020                    US D895,969 S

